## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

**WALTER T. GUFFEY JR.**                                                    **PLAINTIFF**
**Reg. #23544-009**

**v.**                                **No: 3:20-cv-00178-PSH**

**KENDRA ROBERTS,** *et al.*                                          **DEFENDANTS**

## MEMORANDUM AND ORDER

### I. Introduction

Plaintiff Walter T. Guffey, Jr. filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on July 1, 2020, and an amended complaint on August 14, 2020 (Doc. Nos. 2 & 10), while incarcerated at the Greene County Detention Center ("GCDC").[1] Guffey sued numerous defendants in both their official and individual capacities, but was only allowed to proceed against defendants Nurse Practitioner Kendra Roberts, Brent Cox, Pulaski County Medical Administrator Bertha Lowe, and Supervisor Jamie Trowbridge in their individual capacities (the "Defendants"). *See* Doc. No. 18. Guffey alleges that the Defendants were deliberately indifferent to his serious medical needs while he was incarcerated as a federal pre-trial detainee at the Pulaski County Regional Detention Center ("PCRDF") and the GCDC between April 6,

---

[1] Guffey is currently incarcerated in the Memphis Federal Corrections Institution. *See* Doc. No. 46.

2019, and July 31, 2020.  *Id.* at 5-15.  Specifically, he claims that the Defendants did not ensure that he had a urinary stent removed for more than a year despite the surgeon's post-operative instructions to remove the stent after one week.  *Id.*

Before the Court is a motion for summary judgment, brief in support, and statement of undisputed facts filed by Brent Cox (Doc. Nos. 57-59).  Guffey filed a response to Cox's motion (Doc. No. 67).  Cox's statements of facts, and the other pleadings and exhibits in the record, establish that the material facts are not in dispute, and Cox is entitled to judgment as a matter of law.

## II.  Legal Standard

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(a); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986).  When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party.  *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002).  The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial.  *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007).  The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy.  *Id.* (citations

omitted).  An assertion that a fact cannot be disputed or is genuinely disputed must be supported by materials in the record such as "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials . . .".  Fed. R. Civ. P. 56(c)(1)(A).  A party may also show that a fact is disputed or undisputed by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1)(B).  A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case.  *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012).  Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment.  *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### III.  Facts

In support of his motion for summary judgment, Cox submitted the affidavit of Robert Case ("*Case Affidavit*") (Doc. No. 59-1) and a transcript of Guffey's deposition testimony ("*Guffey Deposition*") (Doc. No. 59-2).  Guffey filed a number of grievances and medical requests as well as his post-operative discharge instructions (Doc. No. 67 at 5-22).  Having reviewed Cox's statements of facts,

Guffey's response, and the other pleadings and exhibits, the Court finds the following facts relevant to Guffey's claims against Cox to be undisputed.

On February 27, 2019, Plaintiff Walter T. Guffey, Jr. was placed into USMS Custody in the Van Buren County Jail in Clinton, Arkansas.  Doc. No. 10, Amended Complaint, at 5.  On March 26, 2019, Guffey became ill and was sent to Ozark Health Center in Van Buren County, with blood in his stool and urine.  *Id.*  Ozark Health Center was unable to treat him, so he was sent by ambulance to the Emergency Room at Baptist Health Hospital in Pulaski County.  *Id.*  At the hospital, a stent was placed in Guffey's left ureter.  *Id.* at 6; Doc. No. 67 at 15.  Guffey was discharged from Baptist Health Hospital on April 6, 2019.  Doc. No. 67 at 13-16.  Dr. Ahmed Tarek Abdelal's discharge instructions stated "[patient] will need to see a urologist as an outpatient for further treatment of the left uretic stone and for removal of stent (either Arkansas Urology or UAMS or any other specialty place).  Make appt. after one week."  *Id.* at 15.  The After Visit Summary stated, "Schedule an appointment with Gail Reede Jones, MD as soon as possible for a visit in 1 week(s)."  *Id.* at 16.

Because Van Buren County Jail was unable to care for Guffey, the USMS transferred him to PCRDC on April 6, 2019.  Doc. No. 10 at 6.   Guffey was then transported to the GCDC on or around August 30, 2019, and he provided Defendant Jami Trowbridge, a nurse practitioner, with his discharge instructions and After Visit

Summary. Doc. No. 10 at 9. He claims while he was incarcerated at the GCDC, he submitted "sick after sick call about needing surgery and having the same medical problems that sent me to ER in 'Baptist Health Hospital', blood in urine with infection and very painful urination." *Id.* at 11.

Defendant Brent Cox was the jail administrator at GCDC while Guffey was incarcerated there. Doc. No. 10 at 3; *Guffey Deposition* at 37. According to Guffey, Cox's only involvement in this matter was to review and sign a grievance submitted by Guffey in January of 2020, regarding his need to have the stent removed. *Guffey Deposition* at 37-38. Guffey claims that Cox signed the grievance "Dr. Brent Cox," and he believed Cox, as medical doctor, would be able to help get the stent removed. *Id.* at 15, 37. Guffey stated he does not know what kind of doctor Cox is, but now understands he may not be a medical doctor. *Id.* at 37, 40. Guffey testified that he received a response to the grievance in February 2020, stating that Cox would look into the matter. *Id.* at 38. He testified that this was the only communication he had with Cox. *Id.* at 39. The parties did not produce a copy of any grievance signed by Cox, and Guffey testified he does not have a copy. *Id.* at 37-38.

## IV. Analysis

Cox argues he is entitled to qualified immunity with respect to Guffey's claims against him in his individual capacity because he cannot establish a constitutional violation. Qualified immunity protects government officials from

liability for damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person [in their positions] would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). Qualified immunity is a question of law and is appropriately resolved on summary judgment. *McClendon v. Story County Sheriff's Office*, 403 F.3d 510, 515 (8th Cir. 2005); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

To determine whether a defendant is entitled to qualified immunity, the Court must consider two questions: (1) do the facts alleged by plaintiff establish a violation of a constitutional or statutory right; and (2) if so, was that right clearly established at the time of the defendant's alleged misconduct. *Wright v. United States*, 813 F.3d 689, 695 (8th Cir. 2015). Courts may exercise "their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances of the particular case at hand." *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

Pretrial detainees' claims are evaluated under the Fourteenth Amendment's Due Process Clause rather than the Eighth Amendment. *See Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004). Pretrial detainees are entitled to at least as much protection under the Fourteenth Amendment as under the Eighth Amendment. *See id.* (citing *Spencer v. Knapheide Truck Equip. Co.,* 183 F.3d 902, 906 (8th Cir. 1999)); *see also Davis v. Hall,* 992 F.2d 151, 152–53 (8th Cir. 1993) (per curiam)

(applying deliberate indifference standard to pretrial detainee's claims of inadequate medical care).[2] To succeed with an Eighth Amendment inadequate medical care claim, a plaintiff must allege and prove that: (1) he had objectively serious medical needs; and (2) prison officials subjectively knew of, but deliberately disregarded, those serious medical needs. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). Additionally, the Eighth Circuit has held that a "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995).

To the extent Guffey seeks to hold Cox accountable due to his supervisory position as jail administrator, his claims fail as a matter of law. The law is clear that *respondeat superior* is not a recognized basis for § 1983 liability. *See Keeper v. King*, 130 F.3d 1309 (8th Cir. 1997). Further, Guffey has not come forward with any proof that Cox was involved in or directly responsible for the delay in having Guffey's urinary stent removed. A defendant may not be held liable under § 1983

---

[2] In *Spencer,* the Eighth Circuit explained that it had never articulated an exact standard for evaluating medical treatment claims brought by pretrial detainees. 183 F.3d at 905. The Court acknowledged that pretrial detainees' claims may be subject to an objective reasonable test rather than the subjective deliberate indifference standard. *Id.* The Eighth Circuit addressed this issue again in *Bailey v. Feltmann*, 810 F.3d 589, 593 (8th Cir. 2016), where it declined to address the proper constitutional standard unnecessarily, but noted that when that case was decided it was not clearly established that a pre-trial detainee was entitled to more protection than that provided by the Eighth Amendment.

unless he was personally involved in or had direct responsibility for the constitutional violation. *See Mayorga v. Missouri,* 442 F.3d 1128, 1132 (8th Cir. 2006) ("Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights.") (internal quotations and citations omitted).

Guffey testified that Cox's only involvement was to review a grievance concerning the need to remove the urinary stent, although such a grievance has not been offered as evidence in this matter. Even if the Court accepts that allegation as true, Cox's review of one grievance concerning the stent is insufficient to show that he was deliberately indifferent to Guffey's medical care. Rather, to the extent Cox failed to follow-up or take action in response to Guffey's grievance, his actions were at most negligent.[3]  And as noted above, mere negligence does not amount to a constitutional violation. Additionally, Cox's mere participation in the administrative grievance procedure is insufficient to establish liability under § 1983. *See Rowe v. Norris*, 198 F. App'x 579, 580 (8th Cir. 2006). Accordingly, Cox is entitled to summary judgment.

---

[3]The Court makes no finding regarding whether Cox was negligent.

## V.  Conclusion

Cox is entitled to qualified immunity because Guffey has not established that his constitutional rights were violated by Cox.   Accordingly, Cox's motion for summary judgment (Doc. No. 57) is granted, and Guffey's claims against Cox are dismissed with prejudice.

DATED this 26th day of October, 2022.

_____

UNITED STATES MAGISTRATE JUDGE